**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000447
05-JUN-2020
07:47 AM**

NO. CAAP-18-0000447

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TUIPUAPUA E. MOANANU, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 16-1-0016)

MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

The Circuit Court of the First Circuit[1] denied the
Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40 petition filed by
self-represented Petitioner-Appellant Tuipuapua E. Moananu
(**Moananu**) without a hearing.  Moananu appeals from the "Findings
of Fact, Conclusions of Law, and Order Denying Petition for Post-
Conviction Relief and Amendment Without a Hearing" (**Order**)
entered on April 25, 2018.  For the reasons explained below, we
vacate the Order in part and remand for a hearing to resolve an
ambiguity concerning Moananu's mandatory minimum sentences and,
if necessary, for resentencing.

**BACKGROUND**

On April 23, 1984, Moananu was convicted of burglary in
the first degree for entering into the residence of another
person and taking a television and stereo.  JIMS 1PC000059702.
He was sentenced to 5 years probation.

---

[1]     The Honorable Rom A. Trader presided.

On May 17, 1990, Moananu was convicted of theft in the second degree, unauthorized control of propelled vehicle, and assault in the third degree, for using a firearm to take the purse of another person.  JIMS 1PC890000501.  He was sentenced to 5 years in prison, and was eventually granted parole.

Also on May 17, 1990, in a separate case, Moananu was convicted of robbery in the second degree, kidnapping, and ownership or possession of a firearm by prohibited person, for luring another person into a restroom and taking the person's cash, a wallet, and a wristwatch.  JIMS 1PC890000542.  He was sentenced to 10 years in prison, and was eventually granted parole.

On December 23, 1998, Moananu was convicted of burglary in the first degree[2] and impersonating a law enforcement officer in the second degree for entering the residence of another person by identifying himself as an FBI agent, while armed with a firearm, and taking jewelry from the residence.  JIMS 1PC970002144.  He was sentenced to 10 years in prison with a mandatory minimum of 3 years and 4 months as a repeat felony offender, and 1 year in prison for impersonating a law enforcement officer.

Also on December 23, 1998, in a separate case, Moananu was convicted of robbery in the second degree[3] and burglary in the first degree[4] for entering the residence of another person and taking the person's cash and food stamps while armed with a firearm.  JIMS 1PC980000772.  He was sentenced to 10 years in prison with a mandatory minimum of 3 years and 4 months as a repeat offender.

## PROCEDURAL HISTORY

On October 5, 2006, Moananu impersonated a police officer and robbed two persons while armed with a firearm.  He

---

[2]     Burglary in the first degree is a class B felony.  Hawaii Revised Statute (**HRS**) § 708-810(3) (1993).

[3]     Robbery in the second degree is a class B felony.  HRS § 708-841(2) (1993).

[4]     See note 2.

was indicted by a grand jury for robbery in the first degree[5] (counts 1 and 2) and one count of impersonating a law enforcement officer in the first degree[6] (count 4).[7] On July 8, 2010, a jury found him guilty as charged.

### Sentencing

On August 10, 2010, the State filed three sentencing motions: (1) motion for sentencing of repeat offender;[8]

---

[5]    Robbery in the first degree is a class A felony.  HRS § 708-840(3) (1993)

[6]    Impersonating a law enforcement officer in the first degree is a class C Felony.  HRS § 710-1016.6(2) (1993).

[7]    Count 3, for robbery in the first degree involving a third person, was stricken from the indictment.

[8]    HRS § 706-606.5 (1993 & Supp. 2010) provided, in relevant part:

> **Sentencing of repeat offenders.**  (1) Notwithstanding section 706-669 and any other law to the contrary, any person convicted of murder in the second degree, any class A felony, any class B felony, or any of the following class C felonies: . . . 707-716 relating to terroristic threatening in the first degree; . . . 134-8 relating to ownership, etc., of prohibited weapons; . . . shall be sentenced to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:
>
> (a)    One prior felony conviction:
>
> . . . .
>
> (iii) Where the instant conviction is for a class B felony — three years, four months; and
>
> (iv)  Where the instant conviction is for a class C felony offense enumerated above — one year, eight months[.]
>
> . . . .
>
> (2)    Except as in subsection (3), a person shall not be sentenced to a mandatory minimum period of imprisonment under this section unless the instant felony offense was committed during such period as follows:
>
> . . . .
>
> (d)    Within ten years after a prior felony conviction where the prior felony conviction was for a class B felony;
>
> (e)    Within five years after a prior felony conviction where the prior felony conviction was for a class C felony offense enumerated above[.]
>
> (continued...)

(2) motion for consecutive term sentencing; and (3) motion for mandatory term of imprisonment for use of a firearm in a felony[9]. The motions were heard on November 15, 2010.[10] After explaining its analysis of the Hawaii Revised Statute **(HRS)** § 706-606 factors, the circuit court stated:

> Therefore, considering the retributive and deterrent goals, the Court imposes and grants in part the consecutive term sentencing. Count I and Count II will be consecutive. Count IV will be concurrent.
>
> The Court finds that the defendant's continued use of firearms to commit crimes, the defendant's previous sentences, and the defendant's inability to conform his conduct to the requirements of the law, a consecutive term of imprisonment, at least in Counts I and II, is necessary in order to address the seriousness of the crimes committed by the defendant.

---

[8] (...continued)

. . . .

> (5) The sentencing court may impose the above sentences consecutive to any sentence imposed on the defendant for a prior conviction, but such sentence shall be imposed concurrent to the sentence imposed for the instant conviction. . . .
>
> . . . .
>
> (7) For purposes of this section:
>
> (a) Convictions under two or more counts of an indictment or complaint shall be considered a single conviction without regard to when the convictions occur[.]

[9] HRS § 706-660.1 (1993), which has not been amended since State v. Cornelio, 84 Hawaiʻi 476, 935 P.2d 1021 (1997) was decided, states, in relevant part:

> (1) A person convicted of a felony, where the person had a firearm in the person's possession or threatened its use or used the firearm while engaged in the commission of the felony, whether the firearm was loaded or not, and whether operable or not, may in addition to the indeterminate term of imprisonment provided for the grade of offense be sentenced to a mandatory minimum term of imprisonment without possibility of parole or probation the length of which shall be as follows:
>
> . . . .
>
> (b) For a class A felony — up to ten years[.]

[10] The record on appeal does not contain a transcript of the sentencing hearing but we have taken judicial notice of the Transcript of Proceedings on November 15, 2010, filed in Moananu's direct appeal, CAAP-11-0000152, pursuant to Rule 201 of the Hawaii Rules of Evidence.

The Court further finds and concludes that the consecutive term of imprisonment as to Counts I and II is warranted due to the defendant's continued violation in disregard of the terms and conditions of parole, and to prevent future criminal conduct of the defendant its deterrent goal, therefore, Mr. Moananu, Counts I and II, the terms of imprisonment will be run consecutive. Count IV, the term of imprisonment will run concurrent. So the Court grants in part and denies in part the State's motion for consecutive sentencing.

On November 17, 2010, the circuit court entered findings of fact, conclusions of law, and an order granting in part and denying in part the State's motion for consecutive terms of imprisonment[11] (**Consecutive Term Order**). The Consecutive Term Order stated, in pertinent part:

> 8. Therefore, based on the Defendant's dangerous behavior and continued disregard for the law, the court hereby sentences the Defendant to a term of imprisonment of twenty (20) years in Count I [robbery] and a term of imprisonment of twenty (20) years in Count II [robbery] and five (5) years in Count IV [impersonating a police officer] in Cr. No. 07-1-2129.
>
> 9. The court sentences the Defendant to the mandatory minimum term of imprisonment of thirteen (13) years and four (4) months in Counts I and II and three (3) years and four (4) months in Count IV in Cr. No. 07-1-2129, as a repeat offender pursuant to H.R.S. § 706-605.5.
>
> 10. The court further sentences the Defendant to the mandatory minimum term of ten (10) years imprisonment in Counts I and II in Cr. No. 07-1-2129, as a result of his possession or use of a firearm in the commission of a crime pursuant to H.R.S. § 706-660.1.
>
> 11. **The terms of imprisonment imposed by the court in Counts I and II in Cr. No. 07-1-2129 are to run consecutively to each other.** The term of imprisonment imposed by the court in Count IV in Cr. No. 07-1-2129 is to run concurrent to Counts I and II.

(Emphasis added.)

On February 16, 2011, the circuit court entered an order granting the State's motion for sentencing of repeat offender (**Repeat Offender Order**). The Repeat Offender Order stated, in relevant part:

> [T]he Court having found that Defendant is a repeat offender pursuant to Section 706-606.5 of the Hawaii Revised

---

[11] The Honorable Randal K.O. Lee presided.

> Statutes, . . . Defendant is sentenced to a reduced [[12]]
> mandatory minimum term of imprisonment of thirteen (13)
> years and four (4) months as to Count I, thirteen (13) years
> and four (4) months as to Count II, and three (3) years and
> four (4) months as to Count IV.

(Footnote added.) (Paragraph structure altered.)

On February 17, 2011, the circuit court entered an order granting the State's motion for mandatory term of imprisonment for use of a firearm in a felony (**Firearm Felony Order**). The Firearm Felony Order stated, in relevant part:

> [P]ursuant to Section 706-660.1(b) [sic] of the Hawaii
> Revised Statutes, based on Defendant's conviction for the
> offenses of Counts I--II: Robbery in the First Degree (Class
> A felonies).
>
> IT IS HEREBY ORDERED that the aforesaid motion be and
> the same is hereby granted, and Defendant is sentenced to a
> mandatory term of imprisonment of ten (10) years as to
> Counts I and II.

On February 16, 2011, the circuit court entered its "Amended Judgment of Conviction and Sentence" (**Amended Judgment**). The Amended Judgment stated, in relevant part:

> **(NUNC PRO TUNC TO NOVEMBER 15, 2010)**
> DEFENDANT IS COMMITTED TO THE CUSTODY OF THE DIRECTOR OF THE
> DEPARTMENT OF PUBLIC SAFETY TO SERVE A TERM OF IMPRISONMENT
> OF TWENTY (20) YEARS EACH IN COUNTS 1 AND 2, **TO RUN
> CONSECUTIVE WITH EACH OTHER**, WITH A MANDATORY MINIMUM TERM
> OF IMPRISONMENT OF TEN (10) YEARS IN COUNTS 1 AND 2,
> PURSUANT TO SECTION 706-660.1(b) [sic] AND THIRTEEN (13)
> YEARS AND FOUR (4) MONTHS IN COUNTS 1 AND 2 AS A REPEAT
> OFFENDER, PURSUANT TO SECTION 706-606.5(1)(b) [sic]. AS TO
> COUNT 4, SERVE A TERM OF IMPRISONMENT OF FIVE (5) YEARS WITH
> A MANDATORY MINIMUM TERM OF IMPRISONMENT OF THREE (3) YEARS
> AND FOUR (4) MONTHS, AS A REPEAT OFFENDER, PURSUANT TO
> SECTION 706-606.5(1)(b) [sic], TO RUN CONCURRENT WITH COUNTS
> 1 AND 2. DEFENDANT TO BE GIVEN CREDIT FOR TIME ALREADY
> SERVED. MITTIMUS FORTHWITH. ALL FEES WAIVED.

## Direct Appeal

Moananu appealed his conviction and sentence, making three arguments: (1) the circuit court erred by admitting evidence of his prior bad acts; (2) the circuit court abused its discretion by denying his motion to continue his sentencing hearing; and (3) the circuit court abused its discretion by

---

[12] The State had requested mandatory minimums of 20 years for counts 1 and 2, and 5 years on count 4.

imposing consecutive sentences to punish him for exercising his right to a jury trial. We affirmed; on the latter issue we held:

> [I]t is clear that the circuit court had ample grounds upon which to base its sentence. The circuit court's stated reasons, both at sentencing and in its written decision and uncontested on appeal, included the seriousness of the instant offenses, Moananu's extensive criminal history that demonstrated repeated acts of theft from others using firearms, his violations of parole while under threat of maximum sentences, and the physicians' determination that he was malingering after the circuit court allowed a continuance of the proceedings because he decided to assert that he suffered from a physical or mental disease, disorder or defect excluding penal responsibility.
>
> There was no evidence that the circuit court considered Moananu's exercise of his right to a jury trial or refused to consider Moananu's cooperation [with law enforcement in another case] in imposing sentence.

State v. Moananu, Nos. CAAP-11-0000152, CAAP-11-0000593, 2012 WL 5381247, at *3 (Haw. App. Nov. 2, 2012) (SDO). It does not appear that Moananu petitioned for certiorari.

### HRPP Rule 40 Petition

On June 22, 2016, Moananu filed the HRPP Rule 40 petition that gave rise to this appeal. He filed an "Amendment" on September 29, 2016, that was actually a supplement. Collectively, he presented the following grounds for relief:

**(1)** he was sentenced twice for the same offense in counts 1 and 2, in violation of double jeopardy;

**(2)** his maximum sentence of 40 years is illegal because it was imposed without the "statement" required by HRS § 706-668.5;

**(3)** *his mandatory minimum sentence of "46-years 8-months" is illegal because it exceeds his 40 year maximum sentence;*

**(4)** his sentence of 13 years and 4 months on count 1 is illegal because it violates HRS § 706-660; and

**(5)**    the trial judge failed to properly instruct the jury on the elements of the charged offenses, elements of the claimed defenses, repeat offender sentencing under HRS § 706-606.5, and multiple sentences of imprisonment under HRS § 706-668.5.

(Emphasis added.)

The circuit court entered the Order on April 25, 2018. The circuit court concluded that grounds (1) and (5) were waived, and that Moananu failed to prove the existence of extraordinary circumstances to justify his failure to raise those issues during his trial or his direct appeal. The circuit court also concluded that grounds (2), (3), and (4) had been ruled upon during the evidentiary hearing on the State's motions for consecutive terms of imprisonment, sentencing of repeat offender, and mandatory terms of imprisonment on November 15, 2010. The circuit court denied the petition without a hearing. This appeal followed.

## STANDARD OF REVIEW

A circuit court's denial of a Rule 40 petition without a hearing is reviewed de novo; we step into the circuit court's position, review the same trial record, and redecide the issue, determining whether the circuit court's decision was right or wrong. Hutch v. State, 107 Hawai'i 411, 414, 114 P.3d 917, 920 (2005). HRPP Rule 40(f) provides, in relevant part:

> [T]he court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held during the course of the proceedings which led to the judgment or custody which is the subject of the petition or at any later proceeding.

HRPP Rule 40(g)(2) similarly provides, in relevant part:

> The court may dismiss a petition at any time upon finding the petition is patently frivolous, the issues have been previously raised and ruled upon, or the issues were waived. The court may deny a petition upon determining the allegations and arguments have no merit.

Where, as here, the circuit court denies a Rule 40 petition without a hearing, the question on appeal is whether the trial record

8

indicates that the petition made such a showing of a colorable claim as to require a hearing before the circuit court.  <u>Hutch</u>, 107 Hawai'i at 414, 114 P.3d at 920.

## DISCUSSION

Moananu presents three arguments on appeal.  We discuss them in the order raised by Moananu.

### Moananu was given reasonable notice of the State's intention to seek mandatory minimum terms of imprisonment.

On appeal, Moananu first argues that he was not given reasonable notice of the State's intention to seek application of the mandatory minimum statute for use of a firearm in a felony, HRS § 706-660.1.  This argument was not made in his Rule 40 petition.  HRPP Rule 40(c)(1) provides, in relevant part:

> The petition shall specify all the grounds for relief which are available to the petitioner and of which the petitioner has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified.

Because Moananu raised the issue of notice for the first time on appeal, we need not consider his contention.  <u>Dan v. State</u>, 76 Hawai'i 423, 431, 879 P.2d 528, 536 (1994).  We note the record clearly shows that Moananu was given reasonable notice of the State's intent to seek a mandatory minimum sentence when the State filed its sentencing motions on August 10, 2010,[13] more than three months before the motions were heard on November 15, 2010.

### Ground (3) was not previously ruled upon and, in any event, cannot be waived.

"Ground Three" of Moananu's Rule 40 petition claimed: "Illegal Sentence: Petitioner was sentenced to a maximum term of

---

[13]     The certificates of service appended to each of the motions indicate that Moananu's defense counsel was served with the motions on August 5, 2010.

40-years. Petitioner's Mandatory Minimum total to 46-years 8-months. Thereby exceeding the 40-years maximum." The circuit court found

> that a full and fair evidentiary hearing was held on this issue on November 15, 2010, which addressed the State's Motion for Consecutive Terms of Imprisonment, the State's Motion for Sentencing of Repeat Offender, and the State's Motion for Mandatory Terms of Imprisonment. For this reason, this Court dismisses **Ground Three** without a hearing as having been previously ruled upon.

The transcript of the November 15, 2010 hearing does not indicate that the issue raised by Ground Three was previously raised[14] or previously ruled upon. Accordingly, the first issue presented by this appeal is whether Ground Three of Moananu's Rule 40 petition "made such a showing of a colorable claim as to require a hearing before the [circuit] court." Hutch, 107 Hawai'i at 414, 114 P.3d at 920 (emphasis and citations omitted).

The Repeat Offender Order stated that Moananu would be sentenced to a mandatory minimum term of 13 years, 4 months as to Count I, 13 years, 4 months as to Count II, and 3 years, 4 months as to Count IV. The Firearm Felony Order stated that Moananu would be sentenced to a mandatory minimum term of 10 years as to Counts I and II. The Consecutive Term Order stated that Moananu would be sentenced to mandatory minimum terms of 13 years, 4 months in Counts I and II as a repeat offender and 10 years in Counts I and II for use of a firearm in a felony, to run consecutively. The Amended Judgment stated, in relevant part:

> DEFENDANT IS COMMITTED TO THE CUSTODY OF THE DIRECTOR OF THE DEPARTMENT OF PUBLIC SAFETY TO SERVE A TERM OF IMPRISONMENT OF TWENTY (20) YEARS EACH IN COUNTS 1 AND 2, **TO RUN CONSECUTIVE WITH EACH OTHER,** WITH A MANDATORY MINIMUM TERM OF IMPRISONMENT OF TEN (10) YEARS IN COUNTS 1 AND 2, PURSUANT TO SECTION 706-660.1(b) [sic] AND THIRTEEN (13) YEARS AND FOUR (4) MONTHS IN COUNTS 1 AND 2 AS A REPEAT OFFENDER, PURSUANT TO SECTION 706-606.5(1)(b) [sic].

The wording of the various orders and the Amended Judgment do not precisely track each other. That appears to be the reason for Moananu's concern that the circuit court imposed mandatory

---

[14] A claim of illegal sentence cannot be waived. See HRPP Rule 40(a)(3) ("Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandably failed to raise it[.]").

minimum sentences totaling 23 years, 4 months for Count I, and another 23 years, 4 months for Count II, to be served consecutively for a total of 46 years, 8 months.

In support of his Rule 40 petition Moananu submitted a copy of a letter from the Hawai'i Paroling Authority (**HPA**) dated March 15, 2016, which stated, in relevant part:

> [T]he court ordered you serve your 20-year maximum terms under Counts 1 and 2 consecutive to one another, and also ordered that you serve a mandatory minimum term of 13 years and 4 months under each **consecutive** term. Based on the court's order that you serve your terms under Counts 1 and 2 consecutively, you also automatically serve your court imposed mandatory minimum terms consecutively unless the court specifically states otherwise in the Judgment, which it did not. Therefore, **the court set a total mandatory minimum term of 26 years and 8 months**, not the HPA.

The HPA apparently interpreted the Amended Judgment to impose two consecutive 13-year, 4-month repeat offender mandatory minimums. Such a sentence would be illegal. State v. Cornelio, 84 Hawai'i 476, 494, 935 P.2d 1021, 1039 (1997) ("HRS § 706-606.5 divests a sentencing court of the authority to impose consecutive [repeat offender] mandatory minimum periods of imprisonment on a defendant convicted of multiple felony counts charged in the same indictment[.]"). However, it would not have been illegal for the circuit court to impose consecutive 10-year minimum terms for use of a firearm in a felony. Id. at 487-88, 935 P.2d at 1032-33 (discussing State v. Kumukau, 71 Haw. 218, 222-24, 226, 787 P.2d 682, 685-87[, 689] (1990)). Nor would it have been illegal for the circuit court to impose a mandatory minimum 13-year, 4-month repeat offender term consecutive to a mandatory minimum 10-year term for use of a firearm during commission of a felony. Id. at 488, 935 P.2d at 1033 (holding that "a sentencing court may order that a mandatory minimum term of imprisonment imposed under HRS § 706-660.1 be served consecutively to a mandatory period of imprisonment imposed under HRS § 706-606.5 in connection with a separate felony conviction arising out of a charge contained in the same indictment or complaint.").

Because the circuit court's sentencing intent was ambiguous, we hold that Ground Three states a colorable claim of illegal sentence, and should not have been denied without a

hearing. We remand this case for the circuit court to conduct a hearing to determine its mandatory minimum sentencing intent. If it is impracticable for the circuit court to make such a determination,[15] Moananu should be resentenced.

**It was not necessary for Moananu's grand jury indictment to allege his prior convictions for the State to seek repeat offender mandatory minimum sentencing.**

Moananu's third argument on appeal is that the State, when seeking to sentence a defendant to a mandatory minimum sentence as a repeat offender under HRS § 706-606.5, must include the defendant's predicate prior convictions in the charging instrument. Moananu correctly cites State v. Auld, 136 Hawai'i 244, 361 P.3d 471 (2015), for the proposition that under article I, sections 5 and 10 of the Hawai'i Constitution, a defendant's predicate prior convictions must be alleged in the charging instrument when the State seeks repeat offender sentencing under HRS § 706-606.5. However, because the Hawai'i Supreme Court announced a new rule in Auld, its holding was to take prospective effect only. Id. at 256-57, 361 P.3d at 483-84. Auld was decided on November 24, 2015; Moananu's indictment was issued on November 15, 2007, and the Amended Judgment was entered on February 16, 2011, before Auld was decided. Auld does not apply to this case.

**Moananu waived appellate review of grounds (1), (2), (4), and (5) of his Rule 40 petition.**

Moananu's briefs make no discernable argument that the circuit court erred by ruling that his arguments (1) and (5) were waived, or that his arguments (2) and (4) had previously been ruled upon by the trial court. We disregard those contentions. State v. Mark, 123 Hawai'i 205, 247, 231 P.3d 478, 520 (2010).

---

[15] The judge who originally sentenced Moananu is no longer a circuit court judge.

## CONCLUSION

Based upon the foregoing, the "Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief and Amendment Without a Hearing" entered by the circuit court on April 25, 2018, is vacated in part, to the extent that Moananu's HRPP Rule 40 petition was denied without a hearing as to Ground Three only.  On remand, the circuit court should conduct a hearing to determine its sentencing intent or, if it is impracticable for the circuit court to make such a determination, for resentencing.

DATED:  Honolulu, Hawai'i, June 5, 2020.

On the briefs:

Tuipuapua E. Moananu,
Self-represented Petitioner-
Appellant.

Donn Fudo,
for Respondent-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge